IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN JONES JR., #881507 * |  |
|         Plaintiff |  |
|         v. | * CIVIL ACTION NO. RDB-06-1841 |
| FRANK SIZER, COMMISSIONER * |  |
|         Defendant. |  |
|                              *** |  |

**MEMORANDUM OPINION**

I.  Procedural History

Plaintiff Alvin Jones is a Maryland Division of Correction ("DOC") prisoner who was transferred to the Washington State Department of Corrections pursuant to an Interstate Corrections Compact ("ICC"). He filed this 42 U.S.C. § 1983 Complaint on or about July 17, 2006, alleging that being confined far away from Maryland, where he formerly resides and where he was convicted, has resulted in: (1) his being "hindered" from preparing the most basic petition or motion; and (2) his serving his life sentence without sufficient contact with family, causing him to experience depression and weight loss. (Paper No. 1). He asks to be brought back to Maryland long enough to exhaust all his legal options in his criminal case and to be evaluated by an independent psychologist. (*Id.*). Plaintiff also requests compensatory damages for each day that he is confined in Washington State. (*Id.*).

Defendant, the former Commissioner of the Maryland Division of Correction, has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, asserting that Plaintiff's Complaint fails to state a claim upon which relief prayed can be granted and that he is entitled to judgment in his favor as a matter of law. (Paper No. 24). No opposition has been filed. The case is ready for consideration. Oral hearing is deemed unnecessary. *See* Local Rule 105.6. (D. Md. 2004).

II.     Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

III.    Analysis

Plaintiff was convicted in Maryland of first degree murder and handgun violations. He is serving a sentence of life plus twenty years commencing January 1, 1991. (Paper No. 24, Ex. 1). Defendant states that in 1995, Plaintiff founded the prison gang known as the Black Guerilla Family ("BGF") while confined at the DOC facility formerly known as the Maryland House of Correction Annex ("MHC-A"). (*Id.*). Plaintiff apparently renounced the BGF in 2003, and in 2004 MHC-A officials received information from at least three different sources that Plaintiff's life was in danger. (*Id.*, Ex. 2). Plaintiff refused protective custody assignment. (*Id.*). Because of his BGF history and the aforementioned threats, it was determined that Plaintiff could not be safely housed in the DOC and on April 6, 2005, he was involuntarily transferred to the State of Washington pursuant to the ICC. (*Id.*, Exs. 1 & 3).

Plaintiff claims that in transferring him from Maryland to Washington, Defendant has violated his Fourteenth Amendment rights. Defendant asserts that this claim should be dismissed under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's transfer to Washington does not implicate a liberty interest. The Court agrees. Generally, the Constitution does not entitle a prisoner to be held in any particular prison. *See Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Paoli v. Lally*, 812 F.2d 1489, 1493 (4th Cir. 1987). Moreover, an inmate has no justifiable expectation that he will be incarcerated in any particular state. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). A liberty interest may be created if state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). This circuit has concluded, however, that interstate transfers do not constitute an atypical and significant hardship as defined in the *Sandin* decision. *See Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996).

Plaintiff also contends that he is denied access to Maryland legal materials while being held in a Washington prison. The law to be applied is clear. Prisoners maintain a fundamental constitutional right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This fundamental right is not diminished when inmates are transferred out of state. The Tenth Circuit has held that when a prisoner is transferred out of state, the sending state bears the burden of providing the required state legal materials. *See Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993).

The failure of the transferor state to provide the state legal materials does not, *ipso facto*, violate a Fourteenth Amendment right. In order for a prisoner to prove a violation of the constitutional right of access to the courts, he must show: (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; and (2) some quantum of detriment or prejudice caused by the challenged conduct of state officials resulting in the interruption and/or delay of the prisoner's pending or contemplated litigations. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Plaintiff alleges that the absence of Maryland research materials in the Washington State Penitentiary hinders his ability to challenge his Maryland criminal conviction. The Court must, however, agree with Defendant that at no point in time does Plaintiff specifically indicate how he has been prejudiced by the absence of the legal materials. Maryland law provides for legal assistance in the filing of criminal appeals and collateral review petitions by the Office of the Maryland Public Defender in applicable cases.[1] There has been no showing here that Plaintiff has

---

[1] Md. Code Ann., Art. 27A, § 4 provides that:

(a) It shall be the primary duty of the Public Defender to provide legal representation for any

been unable to contact the Maryland courts, the Office of the Maryland Public Defender, or private counsel.[2]  Plaintiff has been challenged by the Defendant's dispositive motion to show detriment or prejudice to his ability to attack his criminal conviction and has failed to so do.

IV.  Conclusion

Prisoners have a constitutional right to have their health and well-being safeguarded from known risks of harm.  Faced with Plaintiff's high profile gang-related activity, the threats to his life from three different religious groups, and his refusal to sign off on a protective custody assignment, prison authorities concluded that Plaintiff could not be safely housed in the Maryland DOC to serve the remainder of his life plus twenty year sentence.  An involuntary transfer out of Maryland under the ICC was approved, with Washington designated as the receiving state.  Plaintiff has no

---

indigent defendant eligible for services under this article. Legal representation may be provided by the Public Defender, or, subject to the supervision of the Public Defender, by his deputy, by district public defenders, by assistant public defenders, or by panel attorneys as hereinafter provided for.

(b) Legal representation shall be provided indigent defendants or parties in the following proceedings:

(1)   Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;
(2)   Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;
(3)   Post-conviction proceedings, when the defendant has a right to counsel pursuant to Title 7 of the Criminal Procedure Article;
(4)   Any other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result; and
(5)   An involuntary termination of parental rights proceeding or a hearing under § 5-319 of the Family Law Article, if the party is entitled to Public Defender representation under § 5-323 of the Family Law Article.

[2]   A review of the docket for the Circuit Court of Baltimore City shows that in 1996, Plaintiff filed a post-conviction petition and was represented by a Maryland Public Defender  *See State v. Jones*, Case No. 190302031.  Relief was denied on April 7, 1997.  An appeal to the Court of Special Appeals of Maryland was subsequently denied.  On or about February 11, 2005, a second counseled post-conviction petition was filed.  *See* www.casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

constitutional right to cherry-pick the transferee state.[3] For these reasons, Defendant's dispositive motion, construed as a Motion for Summary Judgment, shall be granted and judgment shall be entered in favor of Defendant. A separate Order follows.


/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

Dated:   March 9, 2007

---

[3]   Plaintiff complains of an emotional injury from the cross-country transfer. He states that a secondary effect of his transfer to the State of Washington is to limit his contact from his Maryland-area family members. In effect, he claims that he has been socially isolated. This Court finds no colorable § 1983 claim. Defendant has not purposefully suspended Plaintiff's visits. Indeed, Plaintiff still may maintain contact with family members.